UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-------------------------------------------------X

UNITED STATES OF AMERICA,

                                                        Dkt. No. 19-MJ-04153(DHH)

     v.

VITALII ANTONENKO,

          Defendant.

-------------------------------------------------X

## ASSENTED TO MOTION TO HAVE DEFENDANT VITALII ANTONENKO EVALUATED FOR COMPETENCY PURSUANT TO 18 USC §4241

I am retained counsel to Defendant Vitalii Antonenko in the above-referenced case. I write, with the assent of the government, to respectfully request that the Court appoint an expert to conduct a psychological evaluation of Mr. Antonenko to assess his mental competency.

18 USC §4241 permits counsel, at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, to file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 USC §4241(a). Prior to such a hearing taking place, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c). *See* 18 USC §4241(b).

It is evident from my interactions with Mr. Antonenko that he is having difficulty effectively participating in his own defense, and communicating with counsel. Each time I have met with him to discuss his case, the evidence, the proceedings and defense strategy, notwithstanding my best efforts to effectively communicate and gain feedback, Mr. Antonenko appears unable to sufficiently understand or assist me.

Further, Mr. Antonenko's mother has shared similar feedback about her difficulties communicating with her son. For example, Mr. Antonenko has insinuated that he is secretly working for the CIA, and made other concerning remarks. He has also exhibited concerning personality changes including excessive paranoia, secrecy and abandonment of all communications with his family.

For these reasons, and so that I can be sure I am providing Mr. Antonenko with the effective assistance of counsel, I believe it is necessary to have Mr. Antonenko evaluated to assess whether he is competent to proceed at this time.

I have been in contact with Assistant United States Attorney Seth Kosto regarding this issue and he assents to having Mr. Antonenko evaluated so that the Court and the Parties may better determine whether a full-blown competency hearing pursuant to 18 USC §4241 is necessary.

For these reasons, I respectfully request that the Court appoint an expert to conduct a psychological evaluation of Mr. Antonenko.

The Court's consideration is greatly appreciated.

Dated:      June 4, 2019
               New York, New York

Edward V. Sapone, Esq.
Sapone & Petrillo, LLP
One Penn Plaza, Suite 5315
New York, New York 10119
Telephone: (212) 349-9000
E-mail: ed@saponepetrillo.com

## Certificate of Service

I hereby certify that a copy of the Assented to Motion for Competency Evaluation was emailed this 4th day of June to:

AUSA Seth Kosto
United States Attorney's Office
1 Courthouse Way, Boston, MA 02210
Seth.Kosto@usdoj.gov

_____
Jesse Bousquet Jr., Esq.